RECEIVED
CHARLOTTE, N.C.
SEP 19 2012
Clerk, U. S. Dist. Court
W. Dist. of N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:12cr36-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(1) SEAN DALTON WILLIAMS, )<br>)<br>Defendant. ) | CONSENT ORDER AND<br>JUDGMENT OF FORFEITURE<br>(PRELIMINARY)<br>PENDING RULE 32.2(c)(2) |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**A forfeiture money judgment in the amount of $1,154,900 of proceeds and property involved in the offenses set forth in the Bill of Information; and**

**Approximately $48,919.32 in funds seized from SW Financial Company, LLC Wells Fargo Account XXXXXX7179, the value of such funds, which are forfeitable as substitute property under 21 U.S.C. § 853(p), to be applied to the $1,154,900 forfeiture money judgment and to reduce the outstanding balance of the money judgment to $1,105,980.68.**

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture; provided, no such notice is required if this order consists solely of a money judgment.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment in the amount of $1,154,900 shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, however, that the $48,919.32 in forfeited funds shall be credited toward satisfaction of the money judgment and the value of any other forfeited specific assets shall

be credited toward satisfaction of the money judgment upon liquidation.

The parties stipulate and agree that the aforementioned $1,154,900 money judgment constitutes property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982, and/or 28 U.S.C. § 2461(c), and the aforementioned $48,919.32 in funds constitutes substitute property subject to forfeiture under 21 U.S.C. § 853(p). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED, ESQ.
Assistant United States Attorney

_____
SEAN DALTON WILLIAMS
Defendant

_____
CHRISTOPHER C. FIALKO, ESQ.
Attorney for the Defendant

Signed this the _10_ day of _September_ 2012.

_____
UNITED STATES _DISTRICT_ JUDGE